## In the Matter of the Assignment of the Simpson and Gault Manufacturing Company.

*Assignment for benefit of creditors—Jurisdiction of Probate Court to determine priority of liens, etc.*

The Probate Court, in case of an assignment under the insolvent law, when the personal property assigned has been sold and the proceeds are brought into court, has jurisdiction to determine the validity of liens, the priority of lien-holders and distribute the proceeds accordingly.

*Decided December 22, 1885.*

THE Simpson and Gault Manufacturing Company, a corporation doing business in Cincinnati, on the 23d of May, 1885, executed separate chattel mortgages to Mary S. J. McGroarty, Mary T. Fitch, Lucy D. Gault, Robert Simpson and Richard B. Charles, to secure certain indebtedness due them respectively.

These mortgages were on the same day deposited and filed in the proper office, in the order named. On the 25th day of the same month, the company made an assignment of all its property to John R. Sayler, for the benefit of its creditors.

The deed of assignment was on that day filed in this court, and the assignee thereafter gave bond and entered upon the execution of the trust. In due time he filed in that court an inventory of the property and schedule of the liabilities, and under the orders of the court caused the property to be appraised, and sold the same. The property included in the chattel mortgages was so sold, and the proceeds thereof being in the hands of the assignee, the several mortgagees filed with the court their applications for an order directing the assignee, out of the proceeds to pay the amounts due them on their respective mortgages. The applications stated the amounts, dates, and times of maturity of the claims secured by the several mortgages; the due execution and filing of the mortgages, and the dates thereof; the sale by the assignee of the mortgaged property, and that the

proceeds were then in his hands ready for distribution. To these applications the assignee and W. and F. Livingston, unsecured creditors of the assignee, being admitted to defend against the applications, filed a pleading styled an answer and cross-petition, alleging among other things that the mortgages were made after the company had become insolvent, and had determined to make its assignment, that their execution was part of the assignment, and should be held to inure to the benefit of all creditors, and that the Probate Court had no jurisdiction to hear the application and determine the validity of such mortgages.

The averments of these pleadings were denied by the mortgagees. Upon the question of jurisdiction the cause proceeded.

*Thos. McDougall* and *Avery & Holmes*, for mortgagees.

*Stallo, Kittredge & Wilby* and *J. C. Harper* for general creditors.

*Sayler & Sayler*, for assignee.

GOEBEL, J.

This court has jurisdiction not only to determine the amount of the claims, but the validity of the mortgages given.

NOTE.—This case was reversed by the Hamilton Common Pleas Court, 16 Bull, 38, and affirmed by the Circuit Court, First Circuit, Simpson *v.* Sayler, 2 C. C. R. 73, and by the Supreme Court, Saylor *v.* Simpson, 45 O. S. 141.